IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40494
Summary Calendar
_____

SAMUEL CUNNINGHAM GUILL,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; U.S.
DEPARTMENT OF JUSTICE; U.S.
BUREAU OF PRISONS; JOHN & JANE
DOES, # 1-99; N.L. CONNER, WARDEN
of FCI; G. WINKLER, Individually
and as Associate Warden; KENNY
WILLIAMS, Individually and as
Supervisor of Recreation; M. SALAZAR,
Individually and as Recreation Specialist;
F. TAVAREZ, Individually and as Recreation
Specialist,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:99-CV-166
_____

February 19, 2002

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Samuel Cunningham Guill, federal prisoner # 15574-018, complains that the district court erred in determining that he had failed to file timely objections to the magistrate judge's recommendation that the defendants' motion to dismiss and for summary judgment be granted and that his complaint be dismissed.

Guill is correct that the district court erred in determining that his objections were not timely filed. However, the record reflects that in addressing Guill's Fed. R. Civ. P. 59(e) motion for reconsideration the district court expressly stated that it had reviewed the objections and had found them to be without merit.

The district court retained jurisdiction to make this ruling because Guill's filing of the Fed. R. Civ. P. 59(e) motion rendered the notice of appeal ineffective until the district court disposed of the motion for reconsideration.[1] The district court's statement that it had considered the objections to the magistrate judge's recommendation also rendered the issue raised in Guill's Fed. R. Civ. P. 60(b) motion moot.

Guill asserts for the first time in his reply brief that he requested advance notice that the defendants' motion to dismiss would be treated as a summary judgment motion in order to afford him an opportunity to submit evidence to rebut the defendants' summary judgment evidence. We do not consider arguments raised for the first time in a reply brief.[2] Further, Guill received two 30-day extensions to respond to the defendants' motion and, therefore, had an adequate opportunity to respond to the summary judgment evidence submitted by the defendants.

---

[1] Fed. R. App. P. 4(a)(4)(B)(i).

[2] Price v. Roark, 256 F.3d 364, 368 n.2 (5th Cir. 2001).

Guill has failed to raise an issue of arguable merit. Accordingly, his appeal is DISMISSED as frivolous.[3] He is advised that the dismissal of this appeal counts as a strike for the purposes of 28 U.S.C. § 1915(g).[4] He is further cautioned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.[5]

Guill's motion to strike the district court's ruling on his FED. R. CIV. P. 59(e) motion for reconsideration is DENIED.

APPEAL DISMISSED; SANCTION WARNING GIVEN; MOTION DENIED.

---

[3] Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

[4] Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).

[5] 28 U.S.C. § 1915(g).