IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60589
Summary Calendar

_____


R. C. PRICE, JR.,

Plaintiff-Appellee,

versus

MURRY ROARK

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi

_____

July 18, 2001

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The goings on in Shaw, Mississippi provide the fodder for this appeal. Murry Roark, a county law enforcement officer, arrested R.C. Price, Jr., a salvager of abandoned buildings, charging him with a license tag violation and arson of an abandoned building in Shaw. The tag violation, a sore spot because of Price's alleged history of tag violations, was admitted by Price; the arson charge was denied by Price and dropped. Price then sued Roark in state court for false arrest and malicious prosecution, claiming a violation of his Fourth Amendment rights. The case was removed to

federal court where the district judge denied Roark's claim of qualified immunity from this suit. We reverse and hold that because the arrest itself was valid based on the license tag violation, the alleged Fourth Amendment false arrest claim resting only on the charge of arson fails. Because the malicious prosecution claim, which is based on the arson charge, depends on a Fourth Amendment violation, and because Price suffered no violation of his Fourth Amendment rights as a result of his arrest or otherwise, that claim also fails. Roark is therefore entitled to qualified immunity and to have the claims against him dismissed because Price has failed to show any evidence that would establish the violation of a constitutional right.

I

On August 13, 1998, a fire destroyed three dilapidated buildings slated for demolition in the Town of Shaw, in Bolivar County, Mississippi. The owner of the buildings, R.C. Price, had recently purchased the buildings from the Town of Shaw as part of an oral contract to demolish them and remove the debris. Price was in the salvaging business, and intended to remove the bricks and lumber from the buildings. Based on conversations with Shaw's mayor and with the fire department, Price understood that he was permitted to burn the debris from the buildings after he demolished them, although he was not permitted to burn down the buildings.

A business located in the vicinity of the buildings alerted Murry Roark, an investigator for the Bolivar County Sheriff's

office, that the buildings were on fire. After the local fire department extinguished the fire, Roark investigated the scene. He allegedly was informed that Price had a contract to demolish the buildings, that Shaw officials had not granted Price permission to burn debris, and that Price had been seen walking over to the area fire had begun and leaving shortly before the flames erupted.

After dumping materials from another demolition, Price arrived at the scene of the fire, in a truck without a vehicle tag. Price had previously received several tickets for maintaining or operating vehicles without vehicle tags. Roark arrested him for not having a vehicle tag. On the ride to the police station--a ride in which Price was not handcuffed and sat in the front seat of the squad car--Roark informed Price that he was going to charge him with arson, as well as not having vehicle tags.

At the police station, Price was handcuffed and locked up by a jailor. Price called his attorney, who advised him to post a cash bond. Price's bond was set at $1000 for the tag charge and $20,000 on the arson charge. After being informed of the price of the bond, Price rejected the services of a bondsman at the jail. Price was in jail for approximately four hours, until his wife gathered the money to post $ 2125 in cash for the bond.

Price was charged with both arson and operating a vehicle without vehicle tags, but the arson charges were dismissed without prosecution a few days later. After missing his court date on the no tag charge, Price was found guilty of owning a vehicle without

3

a license tag and found to be in contempt of court, for which he was again arrested. Price subsequently paid a fine for the license tag ticket.

A few days after his initial arrest by Bolivar County, on the same day Price's bond on the arson charge was refunded by Bolivar County, Price was arrested by the Town of Shaw and charged with arson. This arrest was carried out, pursuant to a warrant and affidavit, by Shaw's Chief of Police, Don Brown. Price also filed a lawsuit against the Town of Shaw and Chief Brown pertaining to the second arrest, but the law suit has since settled.

Price filed this suit seeking damages for false arrest for both arrests on arson charges and for malicious prosecution under 42 U.S.C. § 1983 against Roark in Mississippi state court.[1] Roark removed the action to the United States District Court for the Northern District of Mississippi, based on federal question jurisdiction. After discovery, Roark moved for summary judgment on all claims, including his contention that he was entitled to qualified immunity for all of Price's claims arising under federal

---

[1]Price's complaint alleged that Roark "illegally arrested and detained" and "wrongfully held and imprisoned" Price without just cause and without a valid arrest warrant. It further claimed that those actions constituted false imprisonment and abuse of power, and that the actions amounted to an illegal seizure and a violation of due process, in contravention of the United States Constitution. In response to Roark's motion for summary judgment, Price also raised a malicious prosecution claim. The only issue properly raised on appeal is the application of qualified immunity to the false arrest and malicious prosecution claims arising under the Fourth Amendment and § 1983.

law.  The district court denied the motion, finding that "the plaintiff ha[d] presented a genuine issue of material fact including, but not limited to, the existence of factual disputes concerning [Roark's] investigation of the incident giving rise to [Price's] arrest and whether the defendant had probable cause for said arrest."  Roark appeals the district court's denial of qualified immunity on Price's federal claims.  Price filed a motion to dismiss the appeal for lack of jurisdiction, which was denied by a panel of this court on November 8, 2000.

II

Ordinarily there is no appellate jurisdiction to review immediately the denial of a motion for summary judgment.  There is an exception, however, when the motion is predicated on qualified immunity.  Mitchell v. Forsyth, 472 U.S. 511, 525, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).  When a district court denies qualified immunity on summary judgment, this court has jurisdiction to review the order under the collateral order doctrine if the denial is based on an issue of law.  See Turner v. Houma Municipal Fire and Police Civil Service Board, 229 F.3d 478, 482 (5th Cir. 2000).  On an interlocutory appeal of qualified immunity, "[t]he materiality of factual disputes may be reviewed, but not their genuineness."  Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001).  If the disputed facts do not materially affect the outcome, the denial of summary judgment is immediately reviewable. Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000).  This

5

court reviews the district court's order denying summary judgment de novo. <u>Glenn</u>, 242 F.3d at 312.

III

Roark argues that the district court erred by not granting him qualified immunity with regard to all of Price's claims arising under federal law.[2] Specifically, Roark asserts that he is entitled to qualified immunity on three § 1983 claims: the claim of false arrest arising out of Roark's August 13, 1998 arrest of Price, the malicious prosecution claim relating to the arson charge, and the claim of false arrest arising out of the Town of Shaw's subsequent arrest of Price on arson charges.

Claims of qualified immunity require a two step analysis. As a threshold matter, we must consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. ___, No. 99-1977, slip op. at 5 (June 18, 2001); <u>Glenn</u>, 242 F.3d at 312. If the allegations do not establish the violation of a constitutional right, the officer is entitled to qualified immunity. <u>Saucier</u>, No. 99-1977, slip op. at

---

[2]Although Roark asserts in his reply brief that this court has jurisdiction to determine whether the district court erred in not affording Roark sovereign immunity under state law, Roark did not address state sovereign immunity in his opening brief. Consequently, we will not consider this issue on appeal. See <u>Taita Chemical Co. Ltd. v. Westlake Styrene Corp.</u>, 246 F.3d 377, 384 n.9 (5th Cir. 2001) (finding that the appellant could not preserve error on claims through a reply brief); <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 260 n.9 (5th Cir. 1995) ("[W]e do not consider issues raised for the first time in a reply brief.").

6. If the allegations could make out a constitutional violation, we must ask whether the right was clearly established--that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. If an officer makes a reasonable mistake as to what the law requires, the officer is entitled to immunity. Id. at 10. With these principles providing our light, we address the issue of Roark's qualified immunity with respect to the false arrest and malicious prosecution claims alleged by Price.

A

Roark challenges the denial of qualified immunity on Price's § 1983 first false arrest claim--that is, the August 13, 1998 arrest. Because we find that Roark did not violate Price's constitutional right to be free from arrest without probable cause, Roark is entitled to qualified immunity on this claim.

Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest. Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995). Thus, we have found that "[i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails." Id.

At the time of the first arrest, Roark arrested Price for both arson and for driving a vehicle without license tags. Price was charged and found guilty of driving a vehicle without license tags.

He did not appeal, nor does he now contest, this conviction. Although Price insists that driving a vehicle without license tags was a minor offense that only resulted in a small fine, and was unrelated to the arrest for arson, Roark was entitled to arrest Price for the misdemeanor. Mississippi law expressly authorizes "[a]ny sheriff, deputy sheriff or municipal law enforcement officer . . . to arrest, without warrant, any person operating, or causing to be operated, any motor vehicle contrary to the provisions of this article [requiring license tag and decal], within the limits of their respective jurisdiction." Miss. Code. Ann. § 27-19-133. The statute allows up to thirty days imprisonment for a violation. Miss. Code Ann. § 27-19-131.

It does not help the plaintiff's argument that the Supreme Court recently found that warrantless arrests for misdemeanor violations committed in the presence of the officer do not violate the Fourth Amendment. Atwater v. City of Lago Vista, 532 U.S. ___, 121 S.Ct. 1536 (2001) (finding an arrest for the failure to wear a seatbelt constitutional and holding that "an officer [who] has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, . . . may, without violating the Fourth Amendment, arrest the offender."). Thus, Roark did not violate the Fourth Amendment by arresting Price on the misdemeanor charge.

It is undisputed that Roark had probable cause to believe that Price was driving a vehicle without license tags. Price admitted

8

that this was one articulated basis for his arrest. Because Roark had probable cause to arrest Price on the misdemeanor charge, Roark did not violate Price's right to be free from arrest without probable cause during this first arrest. We therefore find that Roark is entitled to qualified immunity on the false arrest claim arising out of Price's first arrest.

B

Roark also contends that he is entitled to qualified immunity on Price's § 1983 claim for malicious prosecution. We have recognized that malicious prosecution claims can fall under the umbrella of the Fourth Amendment and may be actionable under § 1983. <u>Piazza v. Mayne</u>, 217 F.3d 239,245 (5th Cir. 2000).

When Price was arrested, he was also charged with arson (in addition to the tag violation) and was detained for approximately four hours. The arson charge was dropped a few days later. While we have recognized a § 1983 cause of action for malicious prosecution, "it is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right." <u>Nesmith v. Taylor</u>, 715 F.2d 194, 196 (5th Cir. 1983). Malicious prosecution is therefore actionable under federal law only if it deprives a plaintiff of rights guaranteed by the United States Constitution. Thus, to succeed on this § 1983 malicious prosecution suit, Price must show that he was exposed to an unreasonable search or seizure in violation of the Fourth

9

Amendment.  See Albright v. Oliver, 510 U.S. 266, 275, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (finding that federal malicious prosecutions claims cannot be grounded in substantive due process); Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999)(finding that the federal right to be free from malicious prosecution rests solely in the Fourth Amendment after Albright).  Because we have determined that Roark had probable cause to arrest Price for the license tag claim, Price's arrest and detention were valid.  See Nesmith, 715 F.2d at 196 (finding no Fourth Amendment deprivation of liberty or consequent deprivation of a constitutional right when the plaintiff was under a legitimate compulsion to make a court appearance based on another violation).  Although Price was charged with arson, that charge, without subsequent consequences independent of the arrest that included the tag violation, will not support a Fourth Amendment violation.  Because Price has failed to establish such an independent Fourth Amendment violation, Roark is entitled to qualified immunity on the malicious prosecution claim.

C

Roark also asserts that he is entitled to qualified immunity from the false arrest claim arising out of Price's arrest by Chief Brown on behalf of the Town of Shaw.  In his complaint, Price alleged that Roark instructed the Chief of Police for the Town of Shaw to arrest him for arson, again subjecting him to false arrest. Roark contends that, in response to Roark's motion for summary judgment, Price offered no evidence to support the contention that

10

Roark caused or otherwise had any involvement with Price's arrest by the Town of Shaw. Price does not contest this assertion. Because Price has demonstrated no facts that, even if disputed, would tend to establish that Roark violated his constitutional rights with regard to this second arrest, Roark is entitled to qualified immunity on this claim as well.

IV

Because we hold that Roark is entitled to qualified immunity on Price's § 1983 claims of false arrest and malicious prosecution, we REVERSE the district court and REMAND this case for proceedings not inconsistent with this opinion.

R E V E R S E D and R E M A N D E D.

11