IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50082
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAY GARCIA-MARQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-6-ALL
--------------------
June 21, 2002

Before DAVIS, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Clay Garcia-Marquez (Garcia), a federal prisoner, has appealed the district court's denial of his motion for resentencing filed pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 2L1.2 as revised effective November 1, 2001. Garcia was sentenced in September 2001 for a violation of 8 U.S.C. § 1326(a) and (b)(2). We AFFIRM.

Garcia contends that the district court should resentence him under the guidelines which became effective November 1, 2001, even

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

though he was sentenced in September 2001.  His argument that the relevant guideline, U.S.S.G. § 2L1.2(b), is retroactive because it is merely clarifying, lacks merit because "the amendment's purpose was to effect substantive changes in the punishment for [8 U.S.C. § 1326] offenses."  See United States v. McIntosh, 280 F.3d 479, 485 (5th Cir. 2002).  Furthermore, because the amendment "is not listed in U.S.S.G. § 1B1.10(c), [it] cannot be given retroactive effect in the context of [an 18  U.S.C.] § 3582(c)(2) motion." United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996).

Garcia requests relief in his reply brief, for the first time, on a claim of ineffective counsel.  Also for the first time, Garcia asks this court to order the Immigration and Naturalization Service to cease deportation proceedings against him, and to order the Bureau of Prisons to classify him as a United States citizen. However, "[t]his Court will not consider a claim raised for the first time in a reply brief."  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); accord Price v. Roark, 256 F.3d 364, 368 n.2 (5th Cir. 2001).

AFFIRMED.