IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10296
Summary Calendar
_____

RODERICK LADELL BONNER,

Plaintiff-Appellant,

versus

CITY OF MANSFIELD, TEXAS; MONTE ROBERTS, Police Officer;
JESUS VALLES; and DAVID GRIFFIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-760-A
_____

November 1, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roderick Ladell Bonner, Texas prisoner #1057449, proceeding *pro se* and *in forma pauperis*, appeals the district court's Rule 54(b) final judgment dismissing his § 1983 claims against the City of Mansfield for failure to state a claim.[1]  Because Bonner fails

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although the City of Mansfield urges that we lack jurisdiction to consider the appeal on the basis that the district court's order dismissing the claims against the City was interlocutory and not certified by the district court under Federal

to present any argument in his opening brief regarding the only appealable issue–the propriety of the district court's dismissal of his claims against the City of Mansfield–the issue is abandoned.[2] Bonner's appeal is without merit and therefore frivolous. On this basis, the appeal is hereby DISMISSED.[3]

We caution Bonner that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Bonner is cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous. All outstanding motions are DENIED.

---

Rule of Civil Procedure 54(b), the district court's Final Judgment as to Certain Defendant, entered the same day as its order dismissing Bonner's claims against the City, is a Rule 54(b) final judgment, as the accompanying order dismissing the claims makes "an express determination that there is no just reason for delay" and includes "an express direction for the entry of judgment." FED. R. CIV. P. 54(b).

[2] *Price v. Roark*, 256 F.3d 364, 368 n.2 (5th Cir. 2001). To the extent that Bonner is appealing any other order of the district court, such orders would be interlocutory and thus we have no jurisdiction to consider such an appeal. *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999).

[3] 5TH CIR. R. 42.2 ("If upon [review], it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed.").

2