United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41648
Summary Calendar

_____

GREGORY JEROME DAY,

Plaintiff-Appellant,

versus

ROGERS, Chief; EVELYN WELLS ROBINSON; RICK BOYLE,
Captain; TWO UNKNOWN NAMED, Two Unknown Named Galveston
Police Officers; FERNANDO BERTRAND; MCLANE, Officer;
K. TRUSSELL, Officer; CITY OF GALVESTON,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-487
USDC No. G-96-CV-619
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Gregory Jerome Day, currently Texas inmate # 635963,

proceeding pro se and in forma pauperis ("IFP"), appeals the

district court's dismissal as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2) of his civil rights complaint. Day contends that

Officer Bertrand's conduct constituted the use of excessive force

in violation of his rights under the Fourth Amendment. He

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contends that the constitutional right at issue was clearly established and that Bertrand acted unreasonably. He argues that the City of Galveston is liable for Bertrand's conduct and for the inadequate training of its officers.

Day has abandoned his claims against Police Chief Rogers by failing to assert them sufficiently in his initial brief. Price v. Roark, 256 F.3d 364, 369 n.2 (5th Cir. 2001); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, we AFFIRM the dismissal of Day's claims against Chief Rogers. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

Qualified immunity shields police officers from suit "unless their conduct violates a clearly established constitutional right." Mace v. City of Palestine, ___ F.3d ___, 2003 WL 21313717, *2 (5th Cir. Jun. 24, 2003). "Claims of qualified immunity require us to decide (1) whether the alleged facts taken in the light most favorable to the party asserting the injury "show that the officer's conduct violated a constitutional right"; and (2) if so, "'whether the right was clearly established--that is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id.

Claims that police officers used excessive force are analyzed under the Fourth Amendment's objective reasonableness

standard.  Id.  This reasonableness determination requires a balancing of "the nature and intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  Gutierrez v. City of San Antonio, 139 F.3d 441, 447 (5th Cir. 1998).  We consider "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight.  Id.  The fact that police officers are required to make split second judgments under tense and rapidly evolving circumstances is considered.  Id.  If the officer reasonably but mistakenly used excessive force, he is entitled to qualified immunity.  See id.

Day's allegations, taken as true, could constitute a constitutional violation.  See Saucier v. Katz, 533 U.S. 194, 201-02 (2001); Tennessee v. Garner, 471 U.S. 1, 3 (1985).  However, on the present record, we cannot decide whether there was a violation of a clearly established right, and whether if so, the officer's conduct was objectively reasonable.

Day, in verified pleadings, alleged that Officer Bertrand used the police car to run him down from behind in order to apprehend him.  Verified documents may serve as competent summary judgment evidence.  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).  The defendants provided sworn affidavits in which they stated that as Officer Bertrand was positioning the patrol car so that Officer Fleming could exit and pursue Day on foot, Day ran

into the patrol car.  The district court decided that "Bertrand did not drive up onto the sidewalk and run Day down, nor did he chase Day in the street and run over him."

The district court's finding is based on disputed facts and is material to the determination whether there was a violation of a clearly established constitutional right and whether Bertrand's conduct was objectively reasonable.  Accordingly, we REVERSE the judgment of the district court and REMAND for further consideration of Day's claims against Officer Bertrand and the City of Galveston.

Day asserts that Officer Bertrand acted in retaliation to avenge an injury that occurred to Officer Oliver.  Day asserts that he raised the retaliation issue in the district court in a document filed on April 30, 1998, and that the district court did not address his retaliation claim.  Leave of court is required before a party may amend his complaint if service has been effected.  FED. R. CIV. P. 15(a).  Day did not request leave to amend his complaint to add a retaliation claim.

Day asserts that his allegations of excessive force constituted a claim of assault and battery under Texas law.  Day did not assert an assault and battery claim and a mental anguish claim in his complaints or in his amended complaint.  Further, Day does not allege that the district court erred by failing to consider his state law claims.  The failure to assert error in the district court's treatment of an issue is the same as if the

appellant had not appealed that judgment.  <u>Brinkmann</u>, 813 F.2d at 748.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.