United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10954

_____

RONALD A. HAMILTON,

Plaintiff - Appellee,

versus

J.D. COLLETT; ET AL,

Defendants,

J.D. COLLETT; JEFFREY RAMIREZ,

Defendants - Appellants.

_____

Appeals from the United States District Court
For the Northern District of Texas - Dallas Division
Civil Action No. 00-1469

_____

Before GARWOOD, JONES, and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Plaintiff-appellee Ronald Hamilton sued Dallas police officer J.D. Collett and FBI agent Jeffrey Ramirez under 42 U.S.C. § 1983 and its constitutional counterpart, <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), for false arrest and malicious

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendants filed a motion for summary judgment arguing, inter alia, that Hamilton could not prove the elements of his civil rights claim or overcome the defendants' qualified immunity defense. The district court denied the motion, and the defendants now appeal. Because we find that the malicious prosecution claim must be dismissed and that both defendants are entitled to qualified immunity for the false arrest claim, we reverse the district court and enter summary judgment on the defendants' behalf.

## I.   BACKGROUND

The facts underlying this case have been extensively reported by this court in United States v. Truesdale, 152 F.3d 443 (5th Cir. 1998), and will not be repeated here. Briefly, Hamilton was arrested and prosecuted on various conspiracy, money laundering, travel in aid of racketeering, and gambling counts related to his involvement with World Sportsbook ("WSB"), an international sports wagering operation. After a jury convicted Hamilton on multiple counts, a panel of this court reversed his conviction on a finding of insufficient evidence.

Hamilton then initiated the instant suit, asserting that the defendants made a number of false statements that led to his arrest and prosecution. Specifically, Hamilton complains that Agent Ramirez falsely testified before the federal grand jury that

an illegal bet was placed with another FBI agent during a search of Hamilton's residence.  Likewise, Hamilton contends that Collett falsely swore in an affidavit before a Dallas County grand jury that bets were taken at Hamilton's home during the search.  Hamilton argues that because no bets were actually taken during the search of his residence, probable cause is destroyed and the defendants violated his clearly established constitutional rights.

## II.  JURISDICTION AND STANDARD OF REVIEW

Hamilton asserts that this court lacks jurisdiction over this interlocutory appeal because the district court concluded that genuine issues of material fact exist.  However, this court has jurisdiction to consider the purely legal question of whether, taking the plaintiff's version of the facts as true, the plaintiff has alleged a violation of clearly established law.  Roe v. Tex. Dep't of Protective & Regulatory Serv., 299 F.3d 395, 400 (5th Cir. 2002).

This court reviews the district court's denial of a summary judgment motion based on a claim of qualified immunity de novo.  Hatfield v. Scott, 306 F.3d 223, 226 (5th Cir. 2002).  Determining probable cause is a mixed question of law and fact: "[a]lthough factual findings are reviewed for clear error, we review the legal conclusions reached by the district court de novo."  Gordy v. Burns, 294 F.3d 722, 729 (5th Cir. 2002).

3

### III.  DISCUSSION

### A.  Malicious Prosecution

Hamilton argues that the defendants' false statements caused him to be maliciously prosecuted in violation of the United States Constitution.  However, this court has recently held that a claim of malicious prosecution standing alone does not violate the United States Constitution.  <u>Castellano v. Fragozo</u>, No. 00-50591, 2003 WL 22881590, at *1 (5th Cir. Dec. 5, 2003)(en banc).  Thus, Hamilton cannot establish that the defendants violated his constitutional rights in this regard and the claim must be dismissed.

### B.  False Arrest

The key inquiry in the false arrest context is whether the officers are entitled to qualified immunity.  Courts engage in a two-step analysis when determining if public officials are entitled to qualified immunity.  First, we must determine whether the facts, as the plaintiff alleges, establish that the officer violated a constitutional right.  <u>Price v. Roark</u>, 256 F.3d 364, 369 (5th Cir. 2001).  If no constitutional right has been violated, the inquiry ends and the defendants are entitled to qualified immunity. <u>Id</u>.  However, if the plaintiff has alleged a constitutional violation, the court must next determine whether the right was clearly established at the time of the alleged violation.  <u>Id</u>.

4

A claim of unconstitutional false arrest requires a showing of no probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). The question presented here is whether, setting aside the allegedly false testimony by the defendants, probable cause existed to believe that Hamilton committed an offense. See Freeman v. County of Bexar, 210 F.3d 550, 553 (5th Cir. 2000). Stated another way, the question is whether the allegedly false testimony was necessary to the Magistrate Judge's determination of probable case. See, e.g., Franks v. Delaware, 438 U.S. 154, 171-72 (1978). "[T]he probable cause analysis only requires that we find a basis for an officer to believe to a 'fair probability' that a violation occurred." Piazza v. Mayne, 217 F.3d 239, 246 (5th Cir. 2000).

The evidence known to both Collett and Ramirez, excluding that evidence which Hamilton alleges to be false, established probable cause as a matter of law. The defendants were aware of, inter alia, the following pertinent facts: (1) Hamilton was identified as an advertising agent for WSB in a letter to potential bettors; (2) Hamilton established a bonding system for the bettors he referred to WSB; (3) Hamilton possessed a tally sheet of bets placed with WSB; (4) Hamilton would pick up bettors' Western Union transfers and deposit them in various Dallas bank accounts; and (5) payoffs to winners were made from Dallas-area bank accounts belonging to Hamilton. A reasonable basis existed for Collett and

5

Ramirez to find a fair probability that a violation of Texas gambling laws occurred.[1]

It is also important to note that in ruling on Hamilton's motion to suppress, a district court judge found that probable cause existed to believe Hamilton was involved in illegal gambling. Specifically, the district court judge concluded that, based on the letter identifying Hamilton as WSB's advertising agent, his "link to WSB's illegal gambling operation is clear." Because probable cause existed, even absent the allegedly false statements, the defendants did not violate Hamilton's constitutional rights and are therefore entitled to qualified immunity.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is **REVERSED**, and the case is **REMANDED** for entry of judgment in favor of the defendants.

**REVERSED** and **REMANDED**.

---

[1] The Texas gambling law to which both officers referred in their testimony is Section 47.03(a)(2) of the Texas Penal Code, which provides that "[a] person commits an offense if he intentionally or knowingly. . .engages in bookmaking." Bookmaking is further defined as "a scheme by three or more persons to receive, record, or forward bets or offers to bet." TEX. PEN. CODE ANN. § 47.01(2)(C) (Vernon 2003). Collett prepared an affidavit in support of the original state arrest warrant for Hamilton for engaging in organized crime in violation of Section 71.02 of the Texas Penal Code. A person violates that section by committing or conspiring to commit a gambling offense. TEX. PEN. CODE ANN. § 71.02(a)(2) (Vernon Supp. 2004). Ramirez testified before the federal grand jury that Hamilton was involved in an illegal bookmaking operation in violation of Texas law, which in turn violated 18 U.S.C. § 1955. The undisputed facts known to both defendants, including that Hamilton handled bettors' transfers and payoffs, was WSB's advertising agent, and possessed a sheet listing various bets, establishes probable cause to believe that a violation of Texas law had occurred.