United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-51107
Summary Calendar

———————————

SHERMAN D. WILSON,

Plaintiff-Appellant,

versus

CORRECTIONAL OFFICER III A. TAYLOR,
Travis Unit,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-790-JN

———————————

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

Sherman D. Wilson, a former Texas prisoner, appeals the district court's order granting the defendant Officer Adrian Taylor's motion for summary judgment, based on the qualified-immunity doctrine, in this 42 U.S.C. § 1983 civil rights action.

In his *pro se* complaint, Wilson alleged that on November 9,

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2002, Officer Taylor, who apparently is more than seven feet tall and weighs more than 300 pounds, violated his Eighth Amendment rights by "body slamming" him to a concrete floor and punching him in the face. This use of force followed a dispute between Wilson and Taylor concerning an overflowing toilet in Wilson's cellblock. The parties disputed whether Wilson threatened Taylor prior to the use of force, or whether Taylor had threatened Wilson.

The district court did not err in granting summary judgment to defendant Taylor on this claim on the basis of qualified immunity because Wilson failed to submit summary judgment evidence showing that he had suffered a more than *de minimus* physical injury as a result of the November 9, 2002 incident (or that Taylor's employment of force was such as to be "repugnant to the conscience of mankind"). *See Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Therefore, the summary judgment evidence before the district court does not suffice to establish the violation of a constitutional right and Taylor is entitled to qualified immunity. *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001).

The judgment of the district court is

AFFIRMED.