United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11517
Summary Calendar

ALTON JAMES NICKLEBERRY,

Plaintiff-Appellee,

versus

DANNEIL JOHNSON, ET AL.,

Defendants,

NANCY PHELPS-SANDERS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1497-G
USDC No. 3:01-CV-2104-G
- - - - - - - - - -

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Nancy Phelps-Sanders, a nurse who was assigned to the Dallas County Jail ("Jail") at the time pertinent to this action, has filed this interlocutory appeal from the denial of her summary-judgment motion, on grounds of qualified immunity, in the pro se 42 U.S.C. § 1983 civil rights action filed by Alton James Nickleberry, who was at the pertinent time a pretrial detainee at the Jail and who is now a Texas prisoner (# 1105513).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his complaint against Phelps-Sanders, Nickleberry made the following allegations: At the time of his arrest in approximately July 2001, Nickleberry's wrist was fractured, and an ace bandage or "brace" was prescribed for him. During a shakedown at the Jail on or about October 7, 2001, two correctional officers, Bilinsky and Teel, confiscated the bandage from his cell while he was showering. They took the bandage to Nurse Phelps-Sanders, who told them to discard it because its owner was not using it. Nickleberry had removed the bandage for his shower because the Jail had provided him nothing to protect it from water. He allegedly sent a "kite" to the Jail's medical department complaining about this incident, but Phelps-Sanders did not respond until several weeks later, when an X-ray was scheduled in early November 2001. Nickleberry asserted that these actions by Phelps-Sanders resulted in his wrist being refractured and amounted to deliberate indifference to his serious medical needs.

The district court denied Phelps-Sanders's summary judgment motion that was based on qualified immunity, concluding that "there are . . . many disputed facts" and that "disputes over material fact exist."

Although an appellate court ordinarily does not have jurisdiction to review a denial of summary judgment, see Palmer v. Johnson, 196 F.3d 346, 350-51 (5th Cir. 1999), we retain jurisdiction to determine as a matter of law whether a defendant is entitled to qualified immunity, after accepting all of the plaintiff's factual allegations as true, by determining whether

these facts show that the defendant's conduct was objectively reasonable under clearly established law.  Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Colston v. Barnhart, 130 F.3d 96, 98-99 (5th Cir. 1997), reh'g denied, 146 F.3d 282 (5th Cir. 1998). Although the district court concluded that "material" factual issues remained and denied Johnson's qualified-immunity assertion on this basis, we may review the record in order "'to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed.'"  Kinney v. Weaver, 367 F.3d 337, 346 (5th Cir.), cert. denied, 125 S. Ct. 102 (2004) (citing Johnson v. Jones, 515 U.S. 304, 319 (1995)); see Behrens, 516 U.S. at 313.

This court reviews de novo the grant of a motion for summary judgment predicated on qualified immunity.  Cousin v. Small, 325 F.3d 627, 637 (5th Cir.), cert. denied, 540 U.S. 826 (2003). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Federal courts review claims of qualified immunity under a two-step analysis. See Saucier v. Katz, 533 U.S. 194, 201 (2001). First, a court asks whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officers' conduct violated a constitutional right?" Id. "If the allegations do not establish the violation of a constitutional right, the officer is entitled to qualified immunity. . . . If the allegations make out a constitutional violation, we must ask whether the right was clearly established --that is, whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"** Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001) (quoting Saucier, 533 U.S. at 201); Wilson v. Layne, 526 U.S. 603, 614 (1999) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken" (internal quotation marks and citations omitted)).

Nickleberry's deliberate-indifference claim against Nurse Phelps-Sanders essentially consisted of two components: (1) her allegedly having directed correctional officials Bilinsky and Teel to discard his bandage; and (2) her alleged failure to

---

** Officials "can still be on notice that their conduct violates clearly established law even in novel circumstances." Hope v. Pelzer, 536 U.S. 730, 741 (2002). "Although earlier cases involving 'fundamentally similar' facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding." Id.

rectify this matter and respond to his subsequent request for treatment. With respect to the first component, Nickleberry's allegations, even if accepted as true, were insufficient to show that it was "clear" to Phelps-Sanders that her "conduct was unlawful in the situation [s]he confronted." Price, 256 F.3d at 369 (citation and internal quotation marks omitted). Nickleberry has not made specific allegations or submitted specific summary-judgment evidence to support a showing that Phelps-Sanders was even aware of Nickleberry's specific medical condition or that she should have been aware of a "substantial risk of serious harm" relating to the discarding of the bandage. See Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000). As Phelps-Sanders has argued, nothing in the record suggests that Nickleberry was prevented from immediately asking the medical staff for another bandage.

With respect to the alleged delay in medical care, Nickleberry has insisted that the confiscation incident occurred on October 7, 2001, and that he received no medical relief until early November 2001. Nickleberry's own evidentiary submissions, however, including a copy of his own grievance regarding the alleged confiscation, firmly establish that the incident occurred on October 24, 2001. Nickleberry's evidentiary submissions reflect that he filed the grievance one day after the incident and that an X-ray was scheduled within two days after the medical staff learned of the incident. Moreover, those evidentiary submissions do not support Nickleberry's insistence that he sent a "kite" to the medical department regarding this matter on

October 7, 2001.  In summary, Nickleberry's factual allegations are not supported by the documents he submitted in support of his own summary-judgment response.  That evidence offers no support for the notion that Phelps-Sanders had "subjective knowledge of the risk of harm" faced by Nickleberry when Bilinsky and Teel took the bandage or that Nickleberry suffered injuries relating to this incident.  See Mace v. City of Palestine, 333 F.3d 621, 625-26 (5th Cir. 2003); Wagner, 227 F.3d at 324.

Because Nickleberry's speculative and conclusory factual assertions and his own summary-judgment evidence do not show that Phelps-Sanders violated "clearly established statutory or constitutional rights of which a reasonable person would have known," Harlow, 457 U.S. at 818, we conclude that the district court erred in rejecting Phelps-Sanders's qualified-immunity claim.  The judgment is REVERSED, and we REMAND with instructions that judgment be entered in favor of Phelps-Sanders.

Nickleberry's motion for appointment of counsel is DENIED.

REVERSED AND REMANDED; MOTION DENIED.