United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-51284

BRIAN SCOTT SPRUILL,

Plaintiff-Appellant,

versus

RONNIE WATSON; JOHN DOE 1-5,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas

Before GARWOOD, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Brian Scott Spruill appeals from the district court's grant

of summary judgment, on the basis of qualified immunity, for

Ronnie Watson, an officer of the Texas Department of Public

Safety.  Spruill had sued Watson asserting claims under 42 U.S.C.

§1983 for false arrest and deprivation of liberty without due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process of law in violation of the Fourth and Fourteenth Amendments.[1]  After a *de novo* review of the record, we affirm.

Spruill's complaint revolves around a federal arrest warrant obtained by Watson.[2]  Watson had participated[3] in a state arrest of Spruill for carrying a handgun in violation of section 46.02[4] of the Texas Penal Code.  Watson then filed a federal criminal complaint alleging that Spruill's possession of a handgun while subject to a restraining order constituted a violation of 18 U.S.C. § 922(g)(8).[5]  After obtaining the federal warrant, Watson

---

[1]Spruill also brought state law claims of gross negligence and false imprisonment, which the district court dismissed based on official immunity under Texas law.  Because Spruill's appeal only claims error in the district court's finding of qualified immunity, we do not address the state law claims or the finding of official immunity.

[2]On appeal, Spruill provides the following description of his original complaint: "The gravaman [sic] of Appellant's case against Watson was that Spruill was falsely charged with a weapons offense.  Said [charge] resulted in a criminal conviction that was ultimately overturned by the United States Court of Appeals for the Fifth Circuit."

[3]Watson, in an undercover role, attended an orchestrated handgun swap between Spruill and a government informant.  Watson observed the swap and signaled to other state law enforcement officers who then arrested Spruill.

[4]See Tex. Penal Code Ann. § 46.02(a) (Vernon 1994) ("A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun ...."); Tex. Penal Code Ann. § 46.02(e) (Vernon 1994) (offense is class A misdemeanor).

[5]Section 922(g)(8) provides:

"(g) It shall be unlawful for any person . . . (8) who is subject to a court order that--

served it on Spruill while he was in state custody pursuant to the state arrest.  Spruill ultimately pleaded guilty to violating

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury ...

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C.A. § 922.

Watson's federal criminal complaint provided:

"I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about July 20, 1998, in Midland County, in the Western District of Texas, defendant(s) did, possess a firearm in and affecting interstate commerce, . . . even though Defendant was a person subject to a court order issued after a hearing of which he had notice and opportunity to participate, and which (1) restrains him from harassing, stalking and threatening an intimate partner and a child of such intimate partner, and (2) by its terms explicitly prohibits the use, attempted use, and threatened use of physical force against such intimate partner and child, in violation of Title 18, United States Code, Section(s) 922(g)(8)."

3

section 922(g)(8) and was convicted.  On appeal, this court found that the restraining order in question had not been issued "after a hearing of which Spruill received actual notice and accordingly was not within the scope of section 922(g)(8)." *United States v. Spruill*, 292 F.3d 207, 221 (5th Cir. 2002) (internal quotations omitted).  Based on this finding, Spruill's conviction was vacated.  On remand, the district court entered a judgment of acquittal.  Following the acquittal, Spruill brought this suit against Watson.

The first step in the analysis of a qualified immunity claim is to "consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right." *Price v. Roark,* 256 F.3d 364, 369 (5th Cir. 2001) (citing *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001)).  To make out a constitutional violation based on false arrest, Spruill must show that Watson did not act with probable cause.  *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001).  Spruill failed to allege facts showing that Watson acted without probable cause.  It is uncontested that Watson knew that Spruill had been in possession of a firearm while Spruill was subject to a valid restraining order.  The restraining order itself recited facts indicating that it was within the scope of section 922(g)(8), e.g., that the applicant and Spruill each "appeared in person and announced ready," and

4

that the court entered the order after "having . . . heard the evidence and argument of counsel." See *Spruill,* 292 F.3d at 209 n.1. While at Spruill's subsequent trial it developed that these recitals were incorrect, that does not mean that the recitals did not give rise to probable cause to issue the earlier criminal complaint. Spruill does not allege, nor has he offered any evidence, that Watson knew that the restraining order in question did not meet all of the requirements of section 922(g)(8). At best, Spruill alleges, but fails to present any evidence, that Watson was negligent in not discovering this flaw in the underlying restraining order. Even if this allegation were established, it does not rise to a constitutional violation. *Franks v. Delaware*, 98 S.Ct. 2674, 2684 (1978) ("Allegations of negligence or innocent mistake are insufficient.") Because Spruill's allegations and summary judgment evidence do not suffice to establish the violation of a constitutional right, Watson is entitled to qualified immunity.

The second step of the qualified-immunity analysis is to ask "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 121 S.Ct. at 2156. In this case, the only arguably questionable conduct by Watson is his filing of a sworn criminal complaint stating that Spruill was "subject to a court order issued after a hearing of which he had notice and opportunity to participate."

5

Although this court ultimately determined that the restraining order had not been issued after a hearing that met the requirements of section 922(g)(8), such a legal determination would not then have been clear to all reasonable officers in the situation confronting Watson.[6]  Therefore, even if Spruill had made out a constitutional violation on Watson's part, Watson is entitled to qualified immunity.

For the foregoing reasons, Watson is entitled to qualified immunity, and the district court's summary judgment order dismissing Spruill's claims is

AFFIRMED.

---

[6]Not only was it not clear to Watson, it was not clear either to Spruill or to the district court hearing the criminal cases against Spruill.  Indeed, Spruill, with the assistance of counsel, pleaded guilty to violating section 922(g)(8) and the district court accepted Spruill's guilty plea even after noting that a hearing had not been conducted in this case.  *United States v. Spruill*, 61 F.Supp.2d 587, 588 (W.D.Tex. 1999) ("Although . . . the Defendant never appeared before a judge, nor was a hearing (at least as this Court would define one) apparently ever held[,] . . .  the Defendant did have the *opportunity* to participate in a hearing, thus satisfying any procedural due process concerns.")

6