# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40935
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL MOLINERO PUENTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-37-2

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Victor Manuel Molinero Puente appeals his conviction for importation of 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 963, 952(a), and 960(a)(1), (b)(1)(G) on the grounds that the district court should have granted his motion to suppress evidence. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40935

On December 20, 2017, Customs and Border Patrol discovered a large supply of marijuana in Mario Sanchez Villa's trailer as he entered the United States. Sanchez Villa agreed to cooperate with Homeland Security Investigations ("HSI") by making a "controlled delivery" of the drugs to reveal the identities of other individuals involved in the trafficking. HSI Agent Juan Lozano asked Officer Frank Estrada with the Laredo Police Department to stand by if a traffic stop was needed.

During the delivery, agents identified a nearby truck driven by Molinero Puente as likely involved in the trafficking. Agent Lozano instructed Officer Estrada to stop Molinero Puente. Before Officer Estrada pulled him over, he noticed that Molinero Puente's temporary license plate was expired. After Officer Estrada stopped him, Molinero Puente could not provide a valid driver's license; he produced a fake Texas identification card. After Officer Estrada finished investigating Molinero Puente's traffic violations, HSI agents approached the vehicles, arrested Molinero Puente without a warrant, and transported him to HSI offices. Molinero Puente admitted that he was serving as a "look out for law enforcement" for Sanchez Villa, whom he knew was transporting narcotics.

Molinero Puente moved to suppress his stop, arrest, and the resulting evidence, arguing that the authorities lacked reasonable suspicion or probable cause to stop and arrest him. The district court denied Molinero Puente's motion on grounds that probable cause existed to stop and arrest Molinero Puente because of his "scout car pattern of travel" in relation to Sanchez Villa.

In considering the denial of a motion to suppress, "this court reviews the district court's fact findings for clear error and its legal conclusions *de novo*." *United States v. Rounds*, 749 F.3d 326, 337 (5th Cir. 2014). All evidence is viewed in the light most favorable to the prevailing party, here the

2

Government. *Id.* at 338. Whether probable cause existed is a mixed question of fact and law; "the factual findings underlying the district court's probable cause determination" are reviewed for clear error, while "the legal question of whether those facts establish probable cause" are reviewed de novo. *United States v. Hearn*, 563 F.3d 95, 102-03 (5th Cir. 2009).

This court may affirm on any basis that is supported by the record. *United States v. Richmond*, 915 F.3d 352, 359 & n.7 (5th Cir. 2019). Regardless of Molinero Puente's purported conduct as a "scout" vehicle for Sanchez Villa, Officer Estrada and Agent Lozano had probable cause to stop and arrest Molinero Puente in light of his three violations of Texas law—driving with an expired license plate, driving without a valid driver's license, and possession of a "fictitious" driver's license, TEX. TRANSP. CODE ANN. §§ 502.407, 521.021, 521.451. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see also Virginia v. Moore*, 553 U.S. 164, 166, 178 (2008) (holding that the Fourth Amendment is not violated by making an arrest for driving with a suspended license based on probable cause but prohibited by state law); *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (holding that no Fourth Amendment violation occurred when defendant was arrested for driving without license tags).

Furthermore, Officer Estrada's knowledge of Molinero Puente's traffic violations was imputed to Agent Lozano who made the arrest based on the collective knowledge doctrine because they communicated throughout the operation. *See United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007). Finally, it is irrelevant that Officer Estrada initially planned to stop Molinero Puente at the direction of Agent Lozano because his traffic violations "would have objectively justified the stop" and arrest. *See United States v. Harris*, 566 F.3d 422, 434-35 (5th Cir. 2009) (internal quotation marks and citation

omitted).  Accordingly, the district court's judgment denying Molinero Puente's motion to suppress is AFFIRMED.