United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-60983

JOE WIGGINS,

Plaintiff - Appellee,

v.

LOWNDES COUNTY, MISSISSIPPI; ET AL.,

Defendants,

LOWNDES COUNTY, MISSISSIPPI,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi

Before REAVLEY,  HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

In this case we are called upon to decide whether the position of Road Foreman in Mississippi is protected by the First Amendment from political patronage demotion. We have previously decided that a Road Manager, who supervises all the Road Foremen in a county, holds a politically sensitive position that requires personal loyalty to elected officials and is therefore subject to political patronage dismissal. *See Gentry v. Lowndes*, 337 F.3d 481, 488 (5th Cir. 2003). For the reasons that follow, we now find that the Road Foreman position is not politically sensitive. A Road Foreman's

speech on matters of public concern is therefore protected by the First Amendment, and he may not be terminated or demoted for supporting the opponent of an elected official in a campaign.

Lowndes County, Mississipi (the County) and Harry Sanders (Sanders) appeal from a jury verdict and judgment entered in favor of Joe Wiggins (Wiggins) on his employment discrimination claim. After Wiggins helped his brother's unsuccessful campaign against Sanders for County Supervisor, he was demoted from his position of Road Foreman. Wiggins claimed that his demotion was an act of political retaliation. He tried his case to a jury, which found that he had suffered a First Amendment violation and awarded him $10,144. The district court denied Defendants' motion for judgment as a matter of law. We review the district court's decision *de novo*. *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 341 F.3d 415, 420 (5th Cir. 2003).

## I.

A public employee may not be demoted based on an exercise of his First Amendment right to free speech so long as his speech relates to a matter of public concern and his interest in commenting on that matter outweighs "the public employer's interest in promoting the efficiency of the public services it performs through its employees." *Brady v. Fort Bend County*, 145 F.3d 691, 704 (5th Cir. 1998) (internal quotation marks and citations omitted). Political speech regarding a public election lies at the core of matters of public concern protected by the First Amendment. *See Elrod v. Burns,* 427 U.S. 347, 356 (1976) (plurality opinion); *Aucoin v. Haney*, 306 F.3d 268, 274 (5th Cir. 2002).

We apply a case-by-case balancing test to determine whether an employee's interest in commenting upon matters of public concern outweighs the interest of the State in promoting the efficient delivery of public services. *See Coughlin v. Lee,* 946 F.2d 1152, 1157 (5th Cir. 1991)

(quoting *Connick v. Myers*, 461 U.S. 138, 152 (1983) and *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). Where a public employee is demoted for supporting an elected official's political rival, the key factor in the balancing test is whether political allegiance "is an appropriate requirement for the effective performance of the public office involved." *See Branti v. Finkel,* 445 U.S. 507, 518 (1980).

Although the Court in *Branti* rejected the strict application of "policymaker" or "confidential employee" tests, *see id.*, these terms "illuminate the contours of the employee class that may permissibly be subjected to a political litmus test." *Barrett v. Thomas*, 649 F.2d 1193, 1201 (5th Cir. 1981). We more readily find that the government's interests outweigh the employee's interests where the employee is a policymaker or is confidential. *Kinsey v. Salado Indep. Sch. Dist.,* 950 F.2d 988, 994 (5th Cir. 1992). We find that a Road Foreman is neither.

A policymaker is an employee "whose responsibilities require more than simple ministerial competence, whose decisions create or implement policy, and whose discretion in performing duties or in selecting duties to perform is not severely limited by statute, regulation, or policy determinations made by supervisors." *Stegmaier v. Trammell,* 597 F.2d 1027, 1035 (5th Cir. 1979). "[C]onsideration should also be given to whether the employee acts as an adviser or formulates plans for the implementation of broad goals." *Elrod,* 427 U.S. at 368. In *Gentry* we found that a Road Manager is a policymaker because he runs the county road department, supervises all road and bridge work in the county, helps to prepare a budget, purchases and leases equipment, hires assistants and employees, and carries out the general policies of the county board of supervisors. *Gentry,* 337 F.3d at 487 (citing MISS. CODE ANN. § 65-17-1). The Road Manager appoints a Road Foreman for each

3

district of the county he supervises.[1]  A Road Foreman implements the projects determined by the Road Manager; he assigns work to his road crew, supervises them in the field and participates in their work, inspects equipment, maintains records and inventories, inspects County roads and bridges, advises the Road Manager of needed repairs, and performs any other duties assigned by the Road Manager.  These duties are critically different in nature from those of a Road Manager, and we find that a Road Foreman is not a policymaker.[2]

An employee is confidential "if he or she stands in a confidential relationship to the policymaking process, e.g., as an advisor to a policymaker, or if he or she has access to confidential documents or other materials that embody policymaking deliberations and determinations, e.g., as a private secretary to a policy maker." *Stegmaier*, 597 F.2d at 1040 (quoting *Finkel v. Branti*, 457 F.Supp. 1284, 1291 (S.D.N.Y 1978)).  In *Stegmaier* we added to this definition the possibility that a confidential employee may be one who is in a position to subject an elected official to personal

_____

[1] In Lowndes County, there are five districts.

[2] Defendants' comparisons of the Road Foreman position to positions deemed political in other circuits are inapposite.  Defendants argue that we should use the same reasoning here that the Sixth Circuit used to find that the County Road Department Foreman/Garbage Coordinator and the Assistant Road Foreman/Supervisor in Leslie County, Kentucky are inherently political positions subject to patronage discharge.  *See Hoard v. Sizemore*, 198 F.3d 205, 214-15 (6th Cir. 1999).  We found that the former position is equivalent to the Road Manager position in Mississippi, and we agreed that it is a policymaking position subject to patronage dismissal. *Gentry*, 337 F.3d at 487.  The latter position, however, is similar to the Assistant Road Manager position in Mississippi; it is not equivalent to the Road Foreman position.

Defendants also cite *Wagner v. Hawkins*, 634 F. Supp. 751 (W.D. Ark. 1986), in which a district court found that the Road Foreman position in rural Arkansas is a policymaking position requiring political loyalty to the County Judge, the elected official for whom the Road Foreman works.  *Id.* at 754 (cited in *Gentry*, 337 F.3d at 487).  A Road Foreman in Arkansas holds a position similar to that of a Road Manager in Mississippi, so the court's reasoning as it relates to that position is not relevant as to the Road Foreman position here.

4

liability.[3] *Id.* Road Foremen have no access to confidential documents, and they cannot create personal liability for an elected official. Furthermore, Road Foremen are shielded and distanced from the elected Board of Supervisors by law, which makes a confidential relationship impossible.[4] *See* Opinion of the Mississippi Attorney General, No. 00-0339, July 28, 2000 (finding that under the Mississippi Code, a Supervisor cannot instruct the Road Manager to hire, terminate, transfer or demote any County employee); Opinion of the Mississippi Attorney General, No. 96-0085, March 15, 1996 (finding that the Road Manager directs the work of all road personnel and that the Board of Supervisors may not do so).

Defendants have not shown that the Road Foreman position is policymaking or confidential, nor have they demonstrated that it is otherwise inherently political. They argue that a Road Foreman can undermine an elected Supervisor because a Supervisor's success is largely dependent on the quality of county roads. *See Gentry*, 337 F.3d at 487 (emphasizing the critical nature of roads in rural Mississippi politics). The fact that a Road Foreman could sabotage his own work, however, is not enough alone to make his position a political one. Our decision in *Gentry* depended on the fact that the Road Manager and County Administrator are policymakers – high level managers whose "positions enable[d] them to advance the board's policies, if they act[ed] faithfully, or to undermine

---

[3] Defendants suggest we should create a new category of confidential employees. They argue that Wiggins is a confidential employee because he represents the Supervisors when he interacts with the public. This argument would make all county employees who interact with the public confidential; Defendants must show something more. *See, e.g., Stegmeier*, 597 F.2d at 1040 (holding that a deputy clerk is confidential because, in the course of representing the Circuit Clerk, he may subject the Circuit Clerk to civil liability and fines).

[4] Wiggins also argues that his position is not one in which loyalty to an individual Supervisor (here Sanders) is necessary because he works for the Board of Supervisors. We rejected this argument in *Gentry*. 337 F.3d at 486.

those policies by overt or covert opposition." *Gentry*, 337 F.3d at 488; *see also Kinsey*, 950 F.2d at 996 (finding that a school superintendent is a political position in large part because the school superintendent could "make or break" the School Board's policies and could "thwart or forward [its] goals"). With lower level employees, "[a] government's interest in securing effective employees can be met by discharging, demoting, or transferring staff members whose work is deficient."[5] *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 74 (1990). The members of the road crew supervised by a Road Foreman could also commit sabotage, but they certainly are not political employees. *See, e.g., Wagner*, 634 F. Supp. at 755.

We find that the Road Foreman position is not political and is protected by the First Amendment from political patronage.

## II.

Defendants also argue that the district court should have granted judgment as a matter of law because the evidence on causation was insufficient to support the jury's verdict.[6] The testimony presented by Wiggins's witnesses showed that (1) Wiggins helped his brother campaign directly against Sanders, (2) Sanders said that "he thought it was only fair to get rid of people that did not support him," (3) Sanders was "out to get" Wiggins, and (4) Sanders told the Road Manager to

---

[5] Defendants argue that this is exactly what happened; they say Wiggins was demoted for his inferior work. The jury, however, believed Wiggins, not Defendants, as to the cause of his demotion.

[6] Defendants alternatively argue that the jury reached inconsistent findings when it found for Sanders on Wiggins's malicious interference with contract claim and for Wiggins on the First Amendment claim. We do not agree. The elements of malicious interference with contract and wrongful demotion in violation of the First Amendment are different. *See Nichols v. Tri-State Brick and Tile Co., Inc.*, 608 So. 2d 324, 328 (Miss. 1992) (stating elements of malicious interference with contract claim); *Brady*, 145 F.3d at 704 (stating elements of First Amendment claim).

demote Wiggins. Based on this evidence, the jury reasonably found that Sanders directed Wiggins's demotion in retaliation for Wiggins's political speech.

III.

A Road Foreman in Lowndes County, Mississippi is a supervisor in the field without the discretion to make policy decisions and is not in a confidential relationship with an elected official. He can perform his job effectively regardless of his political allegiance. He is therefore protected by the First Amendment when he exercises his right to engage in political speech, and he cannot be demoted in retaliation for that speech. The evidence presented to the jury was sufficient to sustain the verdict in Wiggins's favor. The district court properly denied Defendants' motion for judgment as a matter of law.

AFFIRMED.