**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60924
Summary Calendar

BARBARA BURGE,

Plaintiff-Appellee,

versus

PEARL RIVER COUNTY, Mississippi; ET AL.,

Defendants,

DAVID EARL JOHNSON, In his Official and Individual Capacity,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CV-668
- - - - - - - - - - -

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

Defendant-appellee David Earl Johnson, Chancery Clerk for Pearl River, Mississippi, appeals from the district court's order rejecting his claim of qualified immunity as to First Amendment claims made by plaintiff-appellee Barbara Burge, a former deputy clerk under Johnson. Burge does not appeal from the district court's denial of her other claims.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Burge alleged in her 42 U.S.C. § 1983 complaint, inter alia, that Johnson had unconstitutionally terminated her from her job, which she worked for 11 years without disciplinary action, based on negative comments made by her husband in public about Johnson, in violation of her First Amendments rights of free speech and free association. Johnson and other defendants had filed a "Motion to Dismiss" that was supported by an affidavit from Johnson. Although the district court rejected Burge's request that this motion be treated as a motion for summary judgment, and the court did not encourage Burge to file her own summary-judgment evidence, the district court, in addressing the "Motion to Dismiss," considered Johnson's affidavit and a deposition of Johnson. When a court considers matters outside the pleadings, it should treat a motion to dismiss as a motion for summary judgment. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998); FED. R. CIV. P. 12(b). In reviewing the denial of qualified immunity, this court must treat the motion to dismiss as a motion for summary judgment under FED. R. CIV. P. 56. See Bolen v. Dengel, 340 F.3d 300, 312 (5th Cir. 2003), cert. denied, 124 S. Ct. 1714 (2004). Burge has not explicitly challenged the district court's consideration of materials outside the pleadings, and she agrees in large part with the factual assertions Johnson has made in those pleadings.

Although an appellate court ordinarily does not have jurisdiction to review a denial of summary judgment, see Palmer v. Johnson, 346, 350-51 (5th Cir. 1999), the court retains jurisdiction to determine as a matter of law whether a defendant

is entitled to qualified immunity, after accepting all of the
plaintiff's factual allegations as true, by determining whether
these facts show that the defendant's conduct was objectively
reasonable under clearly established law.  Behrens v. Pelletier,
516 U.S. 299, 313 (1996); Colston v. Barnhart, 130 F.3d 96, 98-99
(5th Cir. 1997), reh'g denied, 146 F.3d 282 (5th Cir. 1998).
Although the district court concluded that "specific factual
issues" remained and denied Johnson's qualified-immunity
assertion on this basis, a review of the pleadings and the record
reflects that the district court based its qualified-immunity
ruling on a set of factual allegations with which Burge
essentially agrees.  In such circumstances, this court has
jurisdiction to review the denial of qualified immunity.
See Behrens, 516 U.S. at 312; Colston, 146 F.3d at 284.

This court reviews de novo the grant of a motion for summary
judgment predicated on qualified immunity.  Cousin v. Small,
325 F.3d 627, 637 (5th Cir.), cert. denied, 124 S. Ct. 181
(2003).  Summary judgment is proper if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with any affidavits filed in support of the motion,
show that there is no genuine issue as to any material fact and
that the moving party is entitled to judgment as a matter of
law.  FED. R. CIV. P. 56(c).  Government officials performing
discretionary functions are protected from civil liability under
the doctrine of qualified immunity if their conduct violates no
"clearly established statutory or constitutional rights of which

a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Federal courts review claims of qualified immunity under a two-step analysis.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).  First, a court asks whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officers' conduct violated a constitutional right?"  Id.  "If the allegations do not establish the violation of a constitutional right, the officer is entitled to qualified immunity. . . .  If the allegations make out a constitutional violation, we must ask whether the right was clearly established --that is, whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"[1] Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001) (quoting Saucier, 533 U.S. at 201); Wilson v. Layne, 526 U.S. 603, 614 (1999) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken" (internal quotation marks and citations omitted)).

Johnson argues that the district court erred in denying his qualified-immunity defense with respect to Burge's claim that

---

[1]  Officials "can still be on notice that their conduct violates clearly established law even in novel circumstances." Hope v. Pelzer, 536 U.S. 730, 741 (2002).  "Although earlier cases involving 'fundamentally similar' facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding." Id.

Johnson's termination of her violated her First Amendment right to free speech.  The parties essentially agree that Burge complained about her job to her husband in the privacy of their home and that the husband then made negative comments, while in a local coffee shop, about Johnson's prospects of being re-elected; a friend of Johnson's reported the husband's comments back to Johnson, who then confronted Burge.  A public employer "may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." Rankin v. McPherson, 483 U.S. 378, 383 (1987).  Determining whether the employer has properly terminated the employee for engaging in protected speech requires "'a balance between the interests of the [employee], as a citizen, in commenting on matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'"  Id. at 384 (quoting Pickering v. Board of Educ. of Tp. High Sch. Dist., 391 U.S. 563, 568 (1968)).  Under Pickering, such a claim requires the employee to establish four elements:  (1) an adverse employment decision; (2) speech by the plaintiff that involves a matter of "public concern"; (3) that the plaintiff's interest in commenting on such matters outweigh the defendants' interests in promoting efficiency; and (4) that the plaintiff's speech motivated the adverse action.  Teague v. City of Flower Mound, Tex., 179 F.3d 377, 379 (5th Cir. 1999).

"Matters of public concern are those which can 'be fairly considered as relating to any matter of political, social, or

other concern to the community.'" <u>Branton v. City of Dallas</u>, 272 F.3d 730, 739 (5th Cir. 2001) (quoting <u>Connick</u>, 461 U.S. at 146). "[S]peech pertaining to internal personnel disputes and working conditions ordinarily will not involve public concern." <u>Id</u>. Such matters do not involve public concern simply "by virtue of a manager's status as an arm of government." <u>Id</u>. at 740. Burge has not explicitly asserted that her own speech involved anything more than complaints about her job and working conditions, which are not matters of "public concern." Burge cannot establish a viable First Amendment claim with respect to her own speech.

Burge has emphasized that her *husband's* speech involved matters of "public concern" because it involved political speech regarding a public election. <u>See</u> <u>Wiggins v. Lowndes County, Miss.</u>, 363 F.3d 387, 390 (5th Cir. 2004). Burge, however, has not addressed whether she has standing to bring such a claim on behalf of her husband. <u>See</u> <u>Powers v. Ohio</u>, 499 U.S. 400, 410 (1998) (litigant ordinarily must assert her own legal rights rather than those of a third party). Although "third party standing" exists in certain circumstances, <u>see</u> <u>Campbell v. Louisiana</u>, 523 U.S. 392, 397 (1998), the district court cited no decisional authority, and we are aware of none, to suggest that a right to raise a First Amendment claim based on a third party's "public concern" speech was "clearly established" for qualified-immunity purposes. <u>See Price</u>, 256 F.3d at 369. Accordingly, the district court erred in denying Johnson's "Motion to Dismiss"

Burge's First Amendment free-speech claim on qualified-immunity grounds.

The other qualified-immunity contention rejected by the district court concerned Burge's claim that Johnson's termination of her violated her First Amendment to freely associate in her marriage. The First Amendment protection of freedom of association applies to the States through the Fourteenth Amendment.[2] Elfbrandt v. Russell, 384 U.S. 11, 18 (1966). When, as here, "a plaintiff's claims arise under both freedom of speech and freedom of association, . . . the freedom of association claims are analyzed under the same Pickering balancing test used to determine the success of the freedom of speech claims." Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 444 (5th Cir. 1999) (citing O'Hare Truck Serv., Inc. v. City of Northlake, 518 U.S. 712 (1996)). A claim predicated on the right to free association, however, "'is not subject to the threshold public concern requirement.'" Breaux v. City of Garland, 205 F.3d 150,

---

[2] In Roberts v. United States Jaycees, 468 U.S. 609 (1984), the Supreme Court observed that the "freedom of association" takes on two forms. First, the Court identified "a right to associate for the purpose of engaging in those activities protected by the First Amendment--speech, assembly, petition for the redress of grievances, and the exercise of religion." Id. at 618. Second, there is a certain right of "intimate association," based on the reasoning that "choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme." Id. at 617-18. Marriage falls into the second group.
The Supreme Court has also observed "that the right to marry is part of the fundamental 'right of privacy' implicit in the Fourteenth Amendment's Due Process Clause." See Zablocki v. Redhail, 434 U.S. 374, 384 (1977). Burge has not specifically asserted such a claim.

157 n.12 (5th Cir. 2000) (quoting <u>Boddie v. City of Garland, Miss.</u>, 989 F.2d 745, 747 (5th Cir. 1993)).

The factual allegations underlying Burge's freedom-of-association claim are essentially no different from those underlying her free-speech claim. The claim is based in no way on who Burge's husband is or on his status, but, as with her free-speech claim, is based on what he said. <u>Cf.</u> <u>Sowards v. Loudon County, Tenn.</u>, 203 F.3d 426, 430, 434 (6th Cir. 2000) (plaintiff was jailer whose husband ran for the office of sheriff against the incumbent sheriff who had been plaintiff's employer and who fired plaintiff). Even if it is arguable whether Burge stated a viable freedom-of-association claim under the First Amendment, the district court cited no decisional authority, and we are aware of none, which suggested that Johnson violated a "clearly established" right of Burge to freely associate with her husband. The district court thus erred in denying Johnson's qualified-immunity defense with respect to this claim as well.

For reasons discussed above, we REVERSE the district court's determinations in regard to defendant-appellant Johnson, and RENDER judgment in Johnson's favor on plaintiff-appellee Burge's claims against him.