# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-60285
Summary Calendar

DAVID JAMES

                              Plaintiff - Appellant

v.

LAURENCE MELLEN, Individually and In his Official Capacity as District
Attorney, Circuit Court District 11; THE STATE OF MISSISSIPPI, Haley
Barbour, Governor

                              Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:07-CV-92

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David James filed this 42 U.S.C. § 1983 action against his former
employer, Laurence Mellen, who was at all relevant times the district attorney
for District 11 of the Circuit Court of Mississippi.[1]  Mellen terminated James

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] James also sued the State of Mississippi, but subsequently voluntarily dismissed his
claims against it.

from his position as a criminal investigator in the district attorney's Bolivar County office after James informed him that he intended to run for sheriff of Bolivar County against the long-time incumbent sheriff. Mellen believed that James's candidacy would undermine the good working relationship between the district attorney's office and the sheriff's office. In his complaint, James alleges, among other things, that Mellen violated his First Amendment right to run for office. The district court granted summary judgment in favor of Mellen, holding that Mellen was entitled to qualified immunity on James's First Amendment claim. We review de novo the sole issue raised in this appeal—whether summary judgment based on qualified immunity was proper. See Mack v. City of Abilene, 461 F.3d 547, 555 (5th Cir. 2006).

This court employs a two-step analysis to determine whether a government official is entitled to qualified immunity. First, we examine "whether a plaintiff's allegation, if true, establishes a violation of a clearly established right." Alexander v. Eeds, 392 F.3d 138, 144 (5th Cir. 2004) (quotation omitted). Second, if the plaintiff has adequately alleged a violation of a clearly established right, we "decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident." Id. (quotation omitted). Because we conclude that Mellen did not violate a clearly established right, we need not reach the issue of whether his conduct was objectively reasonable.

> In order for a constitutional right to be deemed "clearly established,"
>
> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, . . . but it is to say that in the light of preexisting law the unlawfulness must be apparent.

Noyola v. Tex. Dep't of Human Res., 846 F.2d 1021, 1025 (5th Cir. 1988) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). James contends that he had a clearly established First Amendment right to run for public office without retaliation by his public employer. However, the Supreme Court "has acknowledged that public employees' exercise of certain First Amendment rights may legitimately be restrained where it could lead to an inability of elected officials to get their jobs done on behalf of the public." Gentry v. Lowndes County, 337 F.3d 481, 485 (5th Cir. 2003). To determine the constitutionality of an adverse employment action in this context, this court balances the public and individual interests at stake, "consider[ing] among other things the policy sensitivity of the employment, the nature and content of the employee's speech or political activity, the extent of public concern implicated by the speech, and whether close confidential working relations with elected officials are necessary." Id. One consequence of this case-specific balancing inquiry is that "[t]here will rarely be a basis for a priori judgment that the termination or discipline of a public employee violated 'clearly established' constitutional rights." Noyola, 846 F.2d at 1025.

After weighing James and Mellen's interests, we conclude that this is not one of those rare cases where a public employer violated a clearly established constitutional right. We recognize that James's interest in running for office is significant because "[p]olitical speech regarding a public election lies at the core of matters of public concern protected by the First Amendment." Wiggins v. Lowndes County, 363 F.3d 387, 390 (5th Cir. 2004). James argues that there is no public interest to weigh against his individual interest in running for office because the ability of the district attorney's office to provide services was not in any way affected by his candidacy. See Vojvodich v. Lopez, 48 F.3d 879, 885–86 (5th Cir. 1995) (holding that an adverse employment action is unconstitutional unless the public employer shows a "disruption" in its ability to provide services).

We disagree. Mellen has presented evidence that the district attorney's Bolivar County office only employed five individuals, including two criminal investigators who occupied confidential positions and were expected to work closely with deputies and investigators in the sheriff's office.[2] A relationship of trust and confidence between the two agencies was crucial to the good functioning of the district attorney's office. Therefore, the district court's finding that Mellen terminated James because he feared disruptive tension between the sheriff's office and the district attorney's office is well supported by the evidence.

James claims that Mellen cannot possibly show any actual disruption because he was terminated on the day he announced he had qualified to run for sheriff. This argument is entirely meritless. The Supreme Court has made clear that a public employer is not required "to allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action." Connick v. Myers, 461 U.S. 138, 152 (1983); see also Vojvodich, 48 F.3d at 886 (the public employer must allege that the employee's activities "actually or potentially affected" its ability to provide services (emphasis added)). Therefore, Mellen did not violate a "clearly established" constitutional right when he terminated James to avoid potential disruptions in the operations of the district attorney's office.

Accordingly, Mellen is entitled to qualified immunity and the judgment of the district court is AFFIRMED.

---

[2] James does not contest that, as a criminal investigator, he occupied a confidential position in the district attorney's office. It is well-settled in this circuit that "where a public employee . . . occupies a confidential or policymaking role, the employer's interests more easily outweigh the employee's First Amendment rights." Gentry, 337 F.3d at 486.